PROST, Circuit Judge,
concurring,
with whom DYK, Circuit Judge, joins.
I agree with the majority opinion and fully join it. I write separately, however, to point out the confusion in our caselaw regarding the applicability of the experimental use doctrine to the two prong test for the on-sale bar. The Supreme Court’s decision in Pfaff v. Wells Electronics, Inc. redefined our test for the on-sale bar and affected how the experimental use doctrine applies to alleged instances of invalidating prior use. 525 U.S. 55, 119 S.Ct. 304, 142 L.Ed.2d 261 (1998). Without considering these issues in a comprehensive manner in future cases, we will never escape from the confused status of our current caselaw.
The Supreme Court in Pfajf introduced an explicit test for the on-sale bar. Specifically, it created the two prongs of commercial sale and “ready for patenting,” and distinguished “ready for patenting” from reduction to practice. As to the second prong, the Court stated, “one can prove that an invention is complete and ready for patenting before it has actually been reduced to practice.” Id. at 66, 119 S.Ct. 304. This court, following pre-Pfaff decisions, has stated on several occasions, post-Pfaff, that the experimental use doctrine cannot provide an exception to the on-sale bar once an invention is reduced to practice. Cargill, Inc. v. Canbra Foods, Ltd., 476 F.3d 1359, 1371 (Fed.Cir.2007) (quoting Allen Eng’g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1354 (Fed.Cir.2002) (quoting EZ Dock, Inc. v. Schafer Sys., Inc., 276 F.3d 1347, 1357 (Fed.Cir.2002) (Linn, J., concurring))); Allen Eng’g, 299 F.3d at 1354 (quoting EZ Dock, 276 F.3d at 1357 (Linn, J., concurring)); New Railhead Mfg., LLC v. Vermeer Mfg. Co., 298 F.3d 1290, 1297, 1299 (Fed.Cir.2002); EZ Dock, 276 F.3d at 1357 (Linn, J., concurring); Zacharin v. United States, 213 F.3d 1366, 1369 (Fed.Cir.2000)
If we were to accept that reduction to practice eliminates availability of the ex *1369 perimental use doctrine as a whole, the continuing viability of that doctrine would exist only between the time an invention is ready for patenting and the time it is reduced to practice. Such a result would severely restrict the rights of inventors to conduct ongoing work on an invention; they could do so only in private without using outside resources that may be necessary. Private work that is primarily experimental would not trigger the on-sale or public use bars to patentability in the first place, and thus has no need for the experimental use doctrine.
Pfaff indicates that the experimental use doctrine should apply more broadly than the limited period suggested by a reduction to practice cutoff. First, the Pfaff Court explicitly discusses the experimental use doctrine as it relates to the first prong, offering it as an example of how an “inventor can both understand and control the timing of the first commercial marketing of his invention.” 525 U.S. at 67, 119 S.Ct. 304. This statement confirms the ongoing viability of the experimental use doctrine under the Pfaff prongs, calling into question the idea that the doctrine only applies during the limited time between when an invention is ready for patenting and when it is reduced to practice.
Further, the Court stated that “invention” as used in 35 U.S.C. § 102(b) “must refer to a concept that is complete, rather than merely one that is ‘substantially complete,’” and that “one can prove that an invention is complete and ready for patenting before it has actually been reduced to practice.” Id. at 66, 119 S.Ct. 304. Such statements minimize the relevance of a distinction between “ready for patenting” and reduction to practice, other than as relaxing evidentiary requirements for proving the on-sale bar. Indeed, if the justification for eliminating the experimental use exception upon reduction to practice comes from completeness of the invention — and therefore a lack of need for further experimentation — then the exception should also not apply to protect an invention ready for patenting, a proposition flatly contradicted by Pfaff.[1]
In other words, Pfaff suggests that the experimental use doctrine continues to provide a way for patentees to avoid invalidation through the on-sale bar. Because an invention is complete when it is either ready for patenting or reduced to practice, the experimental use doctrine must remain available after that stage. In my view, therefore, experimental use in this respect represents the counterpoint to commercial sale or public use. Assuming a complete invention, ready for patenting, inventors should be able to continue to privately develop any claimed aspect of that invention without risking invalidation, if they conduct development activities in a way that is neither public nor simply commercial, even if there is some commercial benefit to the inventor in connection with the experimental use.[2] Such development should fall under the post-P/ajff application *1370 of the experimental use doctrine, and should be protected if it satisfies the first prong of Pfaff — i.e., it is neither a simply commercial offer for sale nor a public use.
When the inventor conducts a commercial transaction in order to facilitate development, but the development activity meets the requirements of the experimental use doctrine, the inventor avoids the on-sale bar. This exception to the on-sale bar does not evaporate upon reduction to practice. In essence, just as inventors could develop any aspect of the invention privately, they may employ the concepts of agency and confidentiality to also accomplish the same result.
In the present case, as the majority opinion demonstrates, Atlanta Attachment cannot use the experimental use doctrine to avoid the first prong of the on-sale bar because it did not demonstrate experimental, rather than simply commercial, purposes for the sale. Similarly, the quote for fifty “production unit” machines separately demonstrates an offer to sell with simply commercial intent. Both the sale and offer to sell conclusively demonstrate satisfaction of the first Pfaff prong. The experimental use doctrine is inapplicable.
While the experimental use doctrine, as such, is not pertinent to the second Pfaff prong, an inventor’s experimentation may have relevance to that prong. As to the second prong, a patentee may still avoid the on-sale or public use bars by proving that the “invention” required additional experimentation, and was not in fact complete. Such a showing parallels the pre-Pfaff experimental use doctrine, but instead of involving an exception to the on-sale or public use bars, takes effect as merely avoiding the ready for patenting prong in the first place. Experimentation of this type must concern claimed aspects of the invention, because those aspects control whether the invention is ready for patenting or not.
In the present case, Atlanta Attachment’s argument that the third prototype did not work for its intended purpose attempts to avoid the second Pfaff prong. As the majority opinion demonstrates, however, because all of Atlanta Attachment’s arguments concern unclaimed features, they cannot avoid the conclusion that the third prototype was a reduction to practice and therefore met the second Pfaff prong.

. Use of the phrase "experimental use exception” does not imply that the experimental use doctrine is a free-standing doctrinal exception to a statutory bar; the experimental use doctrine is more accurately characterized as a negation of a statutory bar. EZ Dock, 276 F.3d at 1351 (noting that "[t]his court has repeatedly stressed that evidence of experimental use does not give rise to a free-standing doctrinal exception to statutory bars, but instead operates to negate application of section 102(b)”).

. The experimental use doctrine would apply if the use or sale was primarily experimental. See, e.g., Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co., 417 F.3d 1203, 1210 (Fed.Cir.2005) (“[W]e *1370 observe that the first prong of the Pfaff test entails an assessment of whether the circumstances surrounding a pre-critical date sale objectively show that it was primarily made for experimentation.”),